# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAREN HASMUKHBHAI PATEL, | No. CIV S-12-0028-MCE-CMK-P |
| Petitioner, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| RANDY GROUND, | |
| Respondent. | |
| _____/ | |

Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court is petitioner's petition (Doc. 1).

Rule 4 of the Federal Rules Governing Section 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." In the instant case, it is plain that petitioner is not entitled to federal habeas relief at this time because the current petition is second or successive of a prior petition decided on the merits.

/ / /

/ / /

1   Under 28 U.S.C. § 2244(b)(1), "[a] claim presented in a second or successive
2   habeas corpus application . . . that was presented in a prior application shall be dismissed."
3   Under § 2244(b)(2), "[a] claim presented in a second or successive habeas corpus application . . .
4   that was not presented in a prior application shall be dismissed. . . ." unless one of two
5   circumstances exist.  Either the newly raised claim must rely on a new rule of constitutional law,
6   or the factual predicate of the new claim could not have been discovered earlier through the
7   exercise of due diligence and the new claim, if proven, establishes actual innocence.  See id.
8   Before a second or successive petition potentially permissible under § 2244(b)(2) can be filed,
9   the petitioner must first obtain leave of the Court of Appeals.  See 28 U.S.C. § 2244(b)(3).  In the
10  absence of proper authorization from the Court of Appeals, the district court lacks jurisdiction to
11  consider a second or successive petition and must dismiss it.  See Cooper v. Calderon, 274 F.3d
12  1270 (9th Cir. 2001) (per curiam).

13  In this case, petitioner's petition is second or successive of a prior petition, Patel
14  v. Swarthout, CIV-S-09-2923-MCE-CMK, which was adjudicated on February 1, 2011.
15  Petitioner claimed that his trial was unfair because: (1) he was not allowed to present evidence of
16  the victim's parole/custody status; and (2) he was limited in his ability to present evidence of the
17  victim's prior bad acts.  That petition was denied because petitioner procedurally defaulted both
18  claims in state court and, therefore, the claims were barred on federal habeas review.  In the
19  current petition, petitioner claims ineffective assistance of counsel.   Applying the principles
20  above, the court concludes that the instant petition must be dismissed under 28 U.S.C.
21  § 2244(b)(2) because, while the ineffective assistance of counsel claim was not previously
22  adjudicated on the merits, petitioner has not obtained prior approval from the Ninth Circuit Court
23  of Appeals to present this claim in a new habeas petition.
24  / / /
25  / / /
26  / / /

Based on the foregoing, the undersigned recommends that this action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 17, 2012

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE